IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, Sr., #305517,     ) <br>                                          ) <br>               Plaintiff,     ) <br>                                          ) <br> v.                                            ) <br>                                          ) <br> Mike Brown; Edward Moultrie;     ) <br> Vernon Gore; Brian Kendell;     ) <br> Randell Williams; Sergeant Palmer;     ) <br> Shane D. Jackson; and Corporal     ) <br> Atkinson,     ) <br>                                          ) <br>               Defendant.     ) <br> _____ ) | Civil Action No. 2:22-cv-4331-BHH <br><br> **<u>ORDER</u>** |

       This matter is before the Court upon Plaintiff Darrell L. Goss, Sr.'s pro se ("Plaintiff") complaint against certain officers with the South Carolina Department of Corrections ("SCDC"), seeking relief pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

       After conducting an initial review of Plaintiff's complaint, the Magistrate Judge issued an order on January 20, 2023, granting Plaintiff leave to file an amended pleading that cured the deficiencies identified by the Magistrate Judge. (ECF No. 5.) When Plaintiff failed to file an amended complaint or otherwise respond to the Magistrate Judge's order, she afforded him another opportunity to comply. (ECF No. 9.) The Magistrate Judge subsequently granted Plaintiff an extension of time and provided him with a blank Complaint for Violation of Civil Rights (Prisoner Complaint). (ECF No. 12.) Despite the extension, Plaintiff did not file an amended complaint, but the Magistrate Judge gave him

one final opportunity to do so. (ECF No. 14.) The Magistrate Judge explained that if Plaintiff failed to comply with the Court's directions within 21 days then she would recommend the matter for dismissal. Despite the Magistrate Judge's warning, Plaintiff failed to file an amended pleading.

Accordingly, on May 21, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend, as Plaintiff already had several opportunities to do so. (ECF No. 16.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed

the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 16), and the Court summarily dismisses this action without further leave to amend.**  *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022). The Clerk of Court shall not issue the summonses or forward this matter to the United States Marshal Service for service of process.

  **IT IS SO ORDERED.**

               /s/Bruce H. Hendricks
               United States District Judge

June 10, 2024
Charleston, South Carolina